UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CASE NO.  CR03-479-JCC |
| )  | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| TIMOTHY A. HOTCHKISS,   ) | ALLEGED VIOLATIONS |
| ) | OF PROBATION |
| Defendant.   ) | |
| _____ ) | |

An evidentiary hearing on probation revocation in this case was scheduled before me on March 18, 2008, as well as an initial hearing on additional alleged violations. The United States was represented by AUSA James D. Oesterle and the defendant by Michael Martin. The proceedings were digitally recorded.

Defendant had been sentenced on or about May 14, 2004 by the Honorable John C. Coughenour on five counts of Mail Fraud, and sentenced to five years probation. (Dkt. 23, as amended.) The conditions of probation included the standard conditions plus the requirements that defendant be prohibited from possessing a firearm, submit to search, pay restitution in the amount of $28,763.19, provide his probation officer with access to financial information, maintain

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE
AS TO  ALLEGED VIOLATIONS OF PROBATION
PAGE -1

01 a single checking account for all financial transactions, disclose any business interests, disclose all
02 assets and liabilities, be prohibited from incurring new credit obligations or lines of credit without
03 approval, be prohibited from employment in real estate, accounting or financial services, not
04 possess any identification documents in any but defendant's true name, cooperate with the Internal
05 Revenue Service in determining tax obligations and file tax returns in a timely manner, and keep
06 his probation officer advised of the nature and details of his employment at all times.

07 On February 10, 2005, defendant admitted violating the conditions of probation by failing
08 to report a change of residence and opening a new line of credit without permission. (Dkt. 40.)
09 Following a disposition hearing before Judge Coughenour on May 27, 2005, defendant was
10 continued on probation. (Dkt. 50.)

11 On October 19, 2006, defendant admitted violating the conditions of probation by failing
12 to make restitution payments in May 2006 through July 2006. (Dkt. 75.) As a result, on July 13,
13 2007, defendant's probation was modified to require defendant to take steps to assure that his
14 voluntary separation incentive payments were deposited with the clerk of the court to facilitate
15 payment of his restitution obligation. (Dkt. 86.)

16 On January 14, 2008, defendant admitted violating the conditions of probation by failing
17 to notify his probation officer prior to a change in residence, failing to report to his probation
18 officer as directed and failing to follow the instructions of his probation officer. (Dkt. 94.) A
19 disposition hearing has not yet been scheduled on these admitted violations.

20 In an application dated January 25, 2008 (Dkt. 104), U.S. Probation Officer Mark K.
21 Okano alleged the following violations of the conditions of probation, which were incorporated
22 into pending proceedings for the three violations admitted on January 14, 2008:

01  4. Failing to notify the probation officer at least ten days prior to any change in
02 residence or employment, in violation of standard condition #6.

03  5. Committing a new state offense of Animal Cruelty in the Second Degree, in
04 violation of RCW 16.52.207.

05  6. Committing a new state law violation of Theft in the Second Degree in violation
06 of RCW 9A.56.040 by wrongfully obtaining control of property (to wit: Milgard windows) in
07 value which exceeds $250.00 but not more than $1,500.00.

08  7. Failing to keep his U.S. Probation Officer advised of the nature and details of his
09 employment at all times in violation of special condition #13.

10  8. Failing to disclose all bank accounts to the U.S. Probation Office in violation of
11 special condition #6.

12  9. Failing to submit a truthful and complete written monthly report for July 2007,
13 August 2007, and September 2007, in violation of standard condition #2.

14  Defendant was advised in full as to those charges and as to his constitutional rights.

15  Defendant admitted alleged violations 4, 8, and alleged violation 9 as to failing to submit
16 a truthful and complete written monthly report for September 2007, and waived any evidentiary
17 hearing as to whether these violations occurred.  The government withdrew alleged violation 5,
18 pending resolution of the underlying state court charges, and amended alleged violation 9 to
19 conform to the defendant's admission.

20  The defendant denied alleged violation 6.  An evidentiary hearing has been scheduled
21 before the undersigned on April 2, 2008.

22  The defendant denied alleged violation 7.  An evidentiary hearing was conducted, and the

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE
AS TO  ALLEGED VIOLATIONS OF PROBATION
PAGE -3

undersigned makes the following Findings of Fact:

**Findings of Fact**

(A)     On or about October 2007, supervision of the defendant was transferred to U.S. Probation Officer Mark Okano, who was initially unsuccessful in locating the defendant. Upon a visit to defendant's known home address, Mr. Okano found an eviction notice posted. After further unsuccessful efforts to locate defendant, a bench warrant was issued. The defendant and his wife were located and taken into custody. They admitted that they had a second address in Shelton, Washington, which was different from the Federal Way address listed in the monthly reports to the probation officer.

(B)     Hearing Exhibit 6 was offered and admitted into evidence. The exhibit, a Certificate of Formation issued by the Secretary of State of the State of Washington, pertains to Royal H Ranch, LLC, a Washington Limited Liability company (the Company), and was issued on August 31, 2007. The "Place of Business" for the Company is 110s Bambi Farms Rd in Shelton Washington. Tim Hotchkiss and Cathie Hotchkiss are listed as officers of the Company. The "Nature of Business" is "farm and ranch, horse, cattle pigs".

(C)     Hearing Exhibit 7 was offered and admitted into evidence. The exhibit is a Boarding Agreement dated November 17, 2007 between Royal H Ranch and the owner of a horse, whereby the horse was to be boarded on the property and consigned for sale, upon payment of a boarding fee and consignment fee to the stable. Cathie Hotchkiss signed the agreement as the representative of the stable. During a visit to the stable located in Shelton, Washington, Mr. Okano noticed items of tack for sale on the premises. He talked to Caitlin McPherrin, daughter of Cathie McPherrin Hotchkiss, who indicated that they were purchasing horses on consignment

01 and selling them, as well as selling the tack on the internet.

**Conclusion**

Special condition number 13 requires the defendant to "keep his probation officer advised of the nature and details of his employment at all time." Defendant and his wife procured a Certificate of Formation to Royal H Ranch, LLC on August 31, 2007 from the Secretary of State for the State of Washington, providing information in the certificate regarding the nature, location, contact names, registered agents, and officers of their "business", which was located on their residence in Shelton, Washington. Exhibit 7 indicates that at least one purpose of the business was to board animals for consignment sale and at least one boarding agreement was entered into as of November 17th, 2007. The fact that the defendant was commencing a business at a residence address which he had failed to disclose to his probation officer also give rise to a negative inference.

I recommend the Court find defendant violated his probation as alleged in violation 7. I further recommend the Court find defendant violated his probation as alleged in violations 4, 8 and amended violation 9 and that the Court conduct a hearing limited to the issue of disposition on these violations. The Court may wish to consolidate the disposition of these violations and previously admitted violations 1, 2, and 3. The next hearing will be set before Judge Coughenour.

Supplemental findings will be issued following the evidentiary hearing on alleged violation 6.

/ / /

/ / /

01   Pending a final determination by the Court, defendant has been detained.

02   DATED this 18th day of March, 2008.

_____
Mary Alice Theiler
United States Magistrate Judge

cc:   District Judge:          Honorable John C. Coughenour
      AUSA:                    James D. Oesterle
      Defendant's attorney:    Michael Martin
      Probation officer:       Mark K. Okano

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE
AS TO ALLEGED VIOLATIONS OF PROBATION
PAGE -6