UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY A. HOTCHKISS,<br><br>Defendant. | CASE NO. CR03-479-JCC<br><br>SUPPLEMENTAL SUMMARY REPORT OF U. S. MAGISTRATE JUDGE AS TO ALLEGED VIOLATION OF PROBATION |

This report will supplement the report filed on March 18, 2008. (Dkt. 111.) An evidentiary hearing on probation revocation in this case was scheduled before me on April 30, 2008. The United States was represented by AUSA James D. Oesterle and the defendant by Michael Martin. The proceedings were digitally recorded. The procedural history of the case, set forth in the previous summary report, will not be repeated in this report. Violations 1, 2, 3, 4, 5, 7, 8, and 9 have been previously addressed. (Dkt. 94, 11.)

A report filed by United States Probation Officer Mark Okano on January 25, 2008 (Dkt. 104), alleges the following violation of probation:

6. Committing a new state law violation of Theft in the Second Degree in violation

of RCW 9A.56.040 by wrongfully obtaining control of property (to wit: Milgard windows) in value which exceeds $250.00 but not more than $1,500.00.

**Findings of Fact**

(A) The defendant was employed by The Dwelling Company (TDC) as a construction site superintendent from January 2007 through October 2007. The defendant worked at the Little Boat North construction project in Gig Harbor, Washington. His duties included oversight of construction at the job site, including the delivery of construction materials.

(B) During the time that the defendant was working at the job site, a number of windows ordered by TDC from Milgard Windows disappeared from the construction site and had to be replaced.

(C) Defendant's probation officer, Mark Okano, showed photographs of a number of Milgard windows that had been found at the defendant's residence address to Scott Inveen, the Director of Construction for TDC. By comparing a list of labels on the windows with purchase orders and quotes from Milgard Windows, Mr. Inveen was able to identify the windows found at the defendant's residence as having been ordered from Milgard by TDC and then taken from the Little Boat North construction site. The defendant did not have permission or authority to remove the windows from the job site.

(D) The value of the windows referenced in the preceding paragraphs exceeded $250.

**Conclusion**

By a preponderance of the evidence, the government has established that defendant committed the crime of Theft in the Second Degree, in violation of R.C.W. 9A.56.040 by wrongfully obtaining control of property, to wit, Milgard windows, the value of which exceeds

$250.00.

I recommend the Court find defendant violated his probation as alleged in violation 6. The Court may wish to consolidate the disposition of this violation and previously admitted violations 1, 2, 3, 4, 8, and 9, and violation 7, established by a preponderance of the evidence following an evidentiary hearing. The next hearing will be set before Judge Coughenour.

Pending a final determination by the Court, defendant has been detained.

DATED this 30th day of April, 2008.

Mary Alice Theiler
United States Magistrate Judge

cc: District Judge: Honorable John C. Coughenour
AUSA: James D. Oesterle
Defendant's attorney: Michael Martin
Probation officer: Mark K. Okano